IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY P. BARTUNEK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV489 |
| | ) | |
| v. | ) | |
| | ) | |
| HALL COUNTY NEBRASKA, | ) | **MEMORANDUM** |
| TODD BAHENSKY, UNITED | ) | **AND ORDER** |
| STATES OF AMERICA, and | ) | |
| UNKNOWN PERSON, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Gregory P. Bartunek, a pretrial detainee formerly held at the Hall County Department of Corrections ("DOC"), filed his Complaint (Filing No. 1) on October 15, 2018, was granted leave to proceed in forma pauperis on January 25, 2019 (Filing No. 11), and paid his initial partial filing fee on February 14, 2019. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff was a pretrial detainee at the Hall County DOC from April 25, 2018, to an unknown date prior to November 8, 2018, when he advised the court that he had been moved to a detention center in Leavenworth, Kansas (Filing Nos. 7 & 9). He complains about the conditions of his confinement while at the Hall County DOC—specifically, that contrary to the DOC's Inmate/Detainee Manual, he was allowed out of his cell only four to five hours per day, got only five to six hours of sleep per night, and suffered from cold conditions with limited access to proper clothing and blankets. Without supporting details, Plaintiff also claims the DOC refused to repair his broken glasses and hearing aids and to provide Plaintiff shoulder

surgery, proper treatment for back pain, a dental exam, religious services, and classes. Plaintiff claims that he contacted the U.S. Marshals regarding his complaints at the DOC's direction "to no avail." (Filing No. 1 at CM/ECF pp. 12-14.)

Plaintiff sues the United States of America and an "Unknown Person in charge of U.S. Marshal's office in Omaha, NE" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as Hall County, Nebraska, and Todd Bahensky, Director of the Hall County Department of Corrections, under 42 U.S.C. § 1983. Plaintiff brings claims against all Defendants in their individual and official capacities. (Filing No. 1 at CM/ECF pp. 2-4.)

Plaintiff claims that as a result of the conditions of his confinement, he has experienced physical and mental anguish, anxiety, stress, depression, hostility, and bitterness, and that the noisy, harsh environment will cause him to develop Alzheimer's disease and will reduce his life span. (Filing No. 1 at CM/ECF p. 15.) For relief, Plaintiff requests $50,000 in compensatory damages; $300,000 in punitive damages; and injunctive relief requiring that Plaintiff be released from his cell for eight hours per day, be allowed eight hours of uninterrupted sleep per night, have access to cold-weather clothing, and receive an eye exam and new glasses, a dental exam with necessary repairs and preventative treatment, repaired or replaced hearing aids, shoulder surgery, proper medical treatment for back pain, and "[c]ontinued proper medical treatment." (Filing No. 1 at CM/ECF p. 16.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Types of Relief Requested**

As a preliminary matter, Plaintiff's transfer from the Hall County DOC to the detention center in Leavenworth, Kansas, moots Plaintiff's claims for injunctive relief. *See Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001) (when actions required by injunction would be impossible for correctional-center defendants to execute because plaintiff was moved to another institution, plaintiff's claims for injunctive relief against defendants were moot); *Beck by Beck v. Missouri Stale High School Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) (noting that a case is moot when circumstances change to such a degree that "a federal court can no longer

grant effective relief); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (concluding that claim for injunctive relief against warden was moot because prisoner was transferred to another prison). Therefore, compensatory and punitive damages are the only remaining types of relief requested.

## B. The Parties

### 1. Hall County & Todd Bahensky in Official Capacity

Plaintiff sues Hall County and Todd Bahensky, Director of the Hall County Department of Corrections, in his official capacity. Plaintiff's claims against Defendant Bahensky in his official capacity are actually claims against Hall County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").

A county may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's allegations fail to show that any actions were taken pursuant to a policy or custom of Hall County. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

On its own motion, the court will grant Plaintiff leave to file an amended complaint to correct this deficiency.

### 2. Todd Bahensky in Individual Capacity

"Public servants may be sued under § 1983 either in their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Individual-capacity suits seek to impose personal liability upon a governmental officer, agent, or employee for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To state a § 1983 claim against a public servant in his individual capacity, the plaintiff must allege that the defendant was personally involved in, or had direct responsibility for, incidents that resulted in

injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Here, Plaintiff has failed to make any allegations whatsoever regarding Defendant Bahensky.

Plaintiff will be granted leave to amend his Complaint to allege truthful facts showing that Defendant Bahensky was personally involved in violating Plaintiff's constitutional rights.

### 3. United States & Unknown Person in Charge of U.S. Marshal's Office in Omaha, NE, in Official Capacity

It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). No such waiver of sovereign immunity applies in this case. Consequently, any claims alleged against the United States must be dismissed for lack of jurisdiction.

Similarly, Plaintiff's claims against the unidentified supervisor of the Omaha U.S. Marshal's Office in his official capacity must also be dismissed for lack of jurisdiction because a suit against an official of the federal government in his official capacity is considered a suit against the United States. *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000).

### 4. Unknown Person in Charge of U.S. Marshal's Office in Omaha, NE, in Individual Capacity

Section 1983 does not apply to persons acting under color of federal law, but a federal official may be held personally liable for inflicting constitutional injuries

under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971). An action under *Bivens* is almost identical to an action under section 1983. *Mendoza v. United States Immigration & Customs Enf't*, 849 F.3d 408, 416 n.3 (8th Cir. 2017).

As with § 1983 claims, "there is no respondeat superior liability under *Bivens*. Defendants are liable for their personal acts only." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Here, Plaintiff does not allege that the "unknown person in charge of the U.S. Marshal's Office" had anything to do with, or any authority over, the decisions affecting Plaintiff's medical care, cell restrictions, or any other condition of Plaintiff's confinement in the Hall County facility; rather, Plaintiff only alleges that he complained to an unknown individual in the U.S. Marshal's Office about his treatment in the Hall County DOC "to no avail."

"[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff" is not sufficient to state a *Bivens* claim. *Id*. *See also Adetiloye v. Cass Cty. Warden*, No. 3:14-CV-05, 2015 WL 4208708, at *9 (D.N.D. July 10, 2015) (although "the Marshals Service contracts with Cass County Jail to temporarily house and care for federal inmates," the U.S. Marshals "had no authority to control the conditions at the Cass County Jail"; *Bivens* action against U.S. Marshals for conditions in county jail dismissed with prejudice because "[the plaintiff] has not alleged any facts demonstrating that the marshals deprived him of the minimal civilized measure of life's necessities or that the marshals were deliberately indifferent to conditions at the jail that created an excessive risk to his health or safety").

Accordingly, Plaintiff's claims against this Defendant will be dismissed for failure to state a claim upon which relief may be granted.

7

**C. Substance of Plaintiff's Claims**

If Plaintiff chooses to amend his Complaint to properly allege claims against Defendants Hall County and Todd Bahensky in his individual and official capacities, Plaintiff must allege truthful facts that support the elements of his claims, as set forth below.[1]

Plaintiff challenges the conditions of his confinement when he was a pretrial detainee at the Hall County DOC. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted). Therefore, cases discussing the Eighth Amendment are applicable to this case despite Plaintiff's apparent status as a pretrial detainee.

**1. Inadequate Medical Care**

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

---

[1] In addition to alleging specific facts supporting the elements of his claims, Plaintiff must—as previously discussed in the "Parties" section of this Memorandum and Order—allege facts allowing the court to draw the inference that a Hall County policy or custom caused a violation of the Plaintiff's constitutional rights.

8

*Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. (internal quotation and citation omitted).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Id*. at 914-15 (internal quotations and citations omitted).

### 2. Other Conditions of Confinement

The Eighth Amendment's prohibition against "cruel and unusual punishments" requires that prison officials provide humane conditions of confinement. "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) ). As explained above, "[p]retrial detainees are entitled to at least as great protection under the Fourteenth Amendment as that afforded convicted prisoners under the Eighth Amendment." *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).

A prisoner asserting a conditions-of-confinement claim must identify the "deprivation of a single, identifiable human need such as food, warmth, or exercise," and "the risk that the prisoner complains of [must] be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."

9

*Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Wilson v. Sieter*, 501 U.S. 294, 304 (1991). A conditions-of-confinement claim based on prison conditions requires a showing of: (1) a deprivation of "minimal civilized measure of life's necessities" and (2) deliberate indifference by prison officials to those basic needs. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 304.

### a. Lack of Religious Services

If Plaintiff wishes to pursue a claim based on the DOC's failure to provide religious services, he must identify his religious preference and allege facts showing that the jail's policies infringed upon his religious freedoms. If Plaintiff fails to make such allegations, he will not have standing to litigate this claim. *See McGowan v. State of Md.*, 366 U.S. 420, 429 (1961) (department store employees convicted of violating Sunday "blue laws" lacked standing to bring First Amendment claim under general rule that "'a litigant may only assert his own constitutional rights or immunities'") (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)); *Am. Civil Liberties Union of Minnesota v. Tarek Ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir. 2011) (stating that plaintiffs must allege infringement of their own religious freedoms in order to have standing to bring a free-exercise claim).

### b. Violation of Jail Standards

Plaintiff alleges that Defendants' treatment of him violated the Hall County DOC Inmate/Detainee Manual. However, "a violation of jail standards does not equate with a violation of the Constitution." *Henderson v. Greeley*, No. 6:13-CV-06137, 2015 WL 1280312, at *2 (W.D. Ark. Mar. 20, 2015). "Jail standards, although helpful and relevant in some cases, do not represent minimum constitutional standards." *Grayson v. Ross*, 454 F.3d 802, 812 (8th Cir. 2006) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991) (per curiam)). In other words, Plaintiff cannot bring a § 1983 action based upon alleged violations of jail standards, and his Amended Complaint should not include such allegations.

**D. Leave to Amend**

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants Hall County and Todd Bahensky in his individual and official capacities and addresses the deficiencies noted above. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1. Plaintiff's claims against the United States of America and the Unknown Person in Charge of U.S. Marshal's Office in Omaha, NE, in his official capacity are dismissed for lack of jurisdiction. The Clerk of Court shall terminate Defendants the United States of America and the Unknown Person in Charge of U.S. Marshal's Office in Omaha, NE, in his official capacity as parties to this action.

2. Plaintiff's claims against the Unknown Person in Charge of U.S. Marshal's Office in Omaha, NE, in his individual capacity are dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court shall terminate Defendant Unknown Person in Charge of U.S. Marshal's Office in Omaha, NE, in his individual capacity as a party to this action.

3. Plaintiff's claims for injunctive relief are dismissed as moot.

4. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in order to state a claim upon which relief may be granted against Defendants Hall County and Todd Bahensky in his individual and official capacities, who are the only remaining Defendants. Plaintiff's amended complaint shall not contain a request for injunctive relief or claims and parties that have been dismissed in this Memorandum and Order. **Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff**.

5. The Clerk of Court is directed to set the following pro se case management deadline in this case: April 10, 2019: amended complaint due.

DATED this 12th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge