IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GREGORY P. BARTUNEK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:18CV489 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| HALL COUNTY, NEBRASKA, and | ) | **AND ORDER** |
| TODD BAHENSKY in his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

After initial review of Plaintiff's Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A, the court on March 12, 2019, granted Plaintiff 30 days in which to file an Amended Complaint against Defendants Hall County and Todd Bahensky in his individual and official capacities challenging the conditions of Plaintiff's confinement while he was being held as a pretrial detainee by the Hall County Department of Corrections.[1] (Filing No. 12.) Plaintiff has done so. (Filing No. 13.)

The court's prior Memorandum and Order (Filing No. 12) directed Plaintiff to allege facts showing that the unconstitutional actions at issue were "taken pursuant to a policy or custom of Hall County" (Filing No. 12 at CM/ECF p. 5), and that "Defendant Bahensky was personally involved in violating Plaintiff's constitutional rights." (Filing No. 12 at CM/ECF p. 6.) The court also instructed Plaintiff regarding how to sufficiently allege constitutional claims for inadequate medical care and inhumane conditions of confinement. (Filing No. 12 at CM/ECF pp. 8-10.)

---

[1]Plaintiff has since been moved to a detention center in Leavenworth, Kansas.

Plaintiff's Amended Complaint alleges that Defendant Bahensky (1) limited Plaintiff's time out of his cell to two hours a day and did not allow him out of his cell to eat and (2) received, but ignored, two letters from Plaintiff complaining about excessive cell time, "unbearably cold conditions" without proper clothing, the jail's many failures, including failure to fix his broken glasses or give him an eye exam, failure to fix his hearing aids, failure to administer dental care, failure to give proper medical care for a variety of medical ailments, and failure to provide any religious services. Plaintiff alleges that despite Bahensky's knowledge of these conditions, he "took no action to remedy the situation." (Filing No. 13 at CM/ECF p. 17.)

As to Plaintiff's claims against Hall County and Bahensky in his official capacity, he alleges that Bahensky told him "it was within his duties and responsibilities to determine how much time inmates were allowed out of their cells." (Filing No. 13 at CM/ECF p. 13.) Plaintiff also claims that jail staff told him he could not have thermal clothing to combat the extremely cold conditions because "it was against their policies." (*Id*.) Plaintiff makes several other allegations regarding services he was told the jail did not provide, suggesting a policy or custom of depriving inmates of basic services. *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016) ("Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority.").

Because Plaintiff's Amended Complaint (Filing No. 13) arguably states a claim against Defendants Hall County and Todd Bahensky in his individual and official capacities, I shall order service of process. Accordingly,

IT IS ORDERED:

1. Plaintiff's Fourteenth Amendment conditions-of-confinement claim, including inadequate medical care, against Defendants Hall County and Todd Bahensky in his individual and official capacities may proceed to service of process.

2. For service of process on Defendants Hall County and Todd Bahensky in his official capacity, the Clerk of the Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Marla Conley, Hall County Clerk, 121 South Pine Street, Grand Island, NE 68801," and forward them together with a copy of the Complaint (Filing No. 1), Amended Complaint (Filing No. 13), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Hall County and Todd Bahensky in his official capacity at the office of the Hall County Clerk, 121 South Pine Street, Grand Island, NE 68801**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Westlaw 2019).[2]

3. For service of process on Defendant Todd Bahensky in his individual capacity, the Clerk of the Court is directed to obtain the last-known address for Defendant Todd Bahensky in his individual capacity from the United States Marshals Service. Once such address is obtained, the Clerk of the Court is directed to complete a summons form and a USM-285 form for Defendant Todd Bahensky in his individual

---

[2]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

capacity using the address provided by the Marshals Service and forward them together with a copy of the Complaint (Filing No. 1), Amended Complaint (Filing No. 13), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Todd Bahensky in his individual capacity. **The Marshals Service shall serve the Defendant in his individual capacity using any of the following methods: personal, residence, certified mail, or designated delivery service.** *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Westlaw 2019).

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. The Clerk of the Court is directed to file under seal any document containing the last-known personal address for Defendant Todd Bahensky in his individual capacity.

7. The Clerk of the Court is directed to set the following pro se case management deadline: August 23, 2019—Check for completion of service of process.

DATED this 24th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge