IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY P. BARTUNEK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV489 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| HALL COUNTY NEBRASKA, and | ) | **AND ORDER** |
| TODD BAHENSKY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed a Motion to Appoint Counsel. (Filing No. 26.) The court cannot routinely appoint counsel in civil cases, especially when the facts underlying Plaintiff's conditions-of-confinement claims, and the legal arguments regarding those claims, are not complex, and when Plaintiff has demonstrated his ability to prepare and file well-written pleadings with the court. *See Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff

and the court will benefit from the appointment of counsel . . . ." (quotation and citation omitted)).

Accordingly, Plaintiff's request for the appointment of counsel will be denied without prejudice.

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (Filing No. 26) is denied without prejudice.

DATED this 4th day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge